DA 06-0764

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 272N

DENNIS SOUTHER and VALERIE SOUTHER, husband and wife,

Plaintiffs and Appellants,

v.

DORIS JEAN KIMBERLIN,

Defendant and Appellee.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 05-171,
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Amy N. Guth, Attorney at Law, Libby, Montana

For Appellee:

Sean P. Goicoechea, Christensen, Moore, Cockrell,
Cummings & Axelberg, P.C., Kalispell, Montana

Submitted on Briefs:  September 6, 2007

Decided:  October 22, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Dennis and Valerie Souther (hereinafter "the Southers") appeal from the District Court's grant of summary judgment in favor of Doris Kimberlin ("Kimberlin"). We affirm.

¶3    We restate the issues as follows:

¶4    I. Did the District Court err in admitting the affidavits in support of Kimberlin's motion for summary judgment?

¶5    II. Did the District Court err in granting summary judgment in favor of Kimberlin, and finding she held a prescriptive easement for the sewer line?

## BACKGROUND

¶6    The Southers sought a court order disconnecting Kimberlin's sewer from a sewer line that flowed directly under their property. Kimberlin raised an affirmative defense establishing that she held a prescriptive easement, and filed for summary judgment. Kimberlin introduced several affidavits in support of her motion. The Southers raise two main arguments on appeal: first, that the affidavits contained inadmissible hearsay; and second, that genuine issues of material fact existed as to whether Kimberlin held a prescriptive easement.

## DISCUSSION

2

¶7    **I.    Did the District Court err in admitting the affidavits in support of Kimberlin's motion for summary judgment?**

¶8    We review a district court's evidentiary ruling for abuse of discretion. *Seltzer v. Morton*, 2007 MT 62, ¶ 65, 336 Mont. 225, ¶ 65, 154 P.3d 561, ¶ 65 (internal citations omitted). A trial court abuses its discretion when it "act[s] arbitrarily without conscientious judgment or exceed[s] the bounds of reason." *Lopez v. Josephson,* 2001 MT 133, ¶ 14, 305 Mont. 446, ¶ 14, 30 P.3d 326, ¶ 14. We will not reverse the district court's ruling unless the abuse of discretion constitutes reversible error. *Seltzer*, ¶ 65. Reversible error occurs when a substantial right of the appellant is affected, or when the challenged evidence affected the outcome of the trial. *Seltzer*, ¶ 65.

¶9    M. R. Civ. P. 56(e) permits parties to introduce affidavits in support of a summary judgment motion. M. R. Civ. P. 56(e) requires that such affidavits "be made on personal knowledge, . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the affiant is competent to testify to the matters stated therein."

¶10    The affidavits at issue here were made by Robert Stanley's brother and daughters. Robert Stanley was the previous owner of the Southers' property. Earl Stanley, Robert's brother, declared that Hugh Cummings (the previous owner of Kimberlin's property) connected a sewer to Robert Stanley's sewer line sometime in the 1950s without Stanley's permission. In his affidavit, Earl also swore that Robert and his wife learned of Cummings's unauthorized connection to their sewer line shortly after it was established. Both of the daughters' affidavits contained similar statements acknowledging the existence of Cummings's sewer, and stating that their parents knew and disapproved of the unauthorized

3

connection. Each affidavit referenced underlying statements made by Robert which expressed his anger at Cummings.

¶11 The Southers argue that the affidavits are inadmissible because they contain hearsay. The District Court held that the affidavits did contain hearsay, but that the underlying statements attributed to Robert were admissible hearsay under the M. R. Evid. 803(1) "present sense" impression exception. M. R. Evid. 803(1) allows statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" into evidence.

¶12 A statement made by Robert Stanley during or immediately after perceiving Cummings's connection to Stanley's sewer line would qualify as admissible hearsay under M. R. Evid. 803(1). The affidavits meet the requirements of M. R. Civ. P. 56(e) because the statements are made from the affiants' personal knowledge and contain underlying facts which are admissible. Thus, the District Court did not abuse its discretion in admitting the affidavits.

¶13 **II. Did the District Court err in granting summary judgment in favor of Kimberlin, and finding she held a prescriptive easement for the sewer line?**

¶14 The Southers argue next that the District Court erred in granting summary judgment, because genuine issues of material fact existed as to whether Kimberlin's predecessor used the sewer line in an "open and notorious" manner, whether the predecessor's use was exclusive, and as to where exactly the sewer connection is located.

¶15 We review a district court's grant of summary judgment de novo, applying the criteria of M. R. Civ. P. 56 anew. *Anderson v. Stokes*, 2007 MT 166, ¶ 15, 338 Mont. 118, ¶ 15,

4

163 P.3d 1273, ¶ 15. Summary judgment is appropriate if there are no genuine issues of material fact, and if the moving party is entitled to judgment as a matter of law. *Anderson*, ¶ 15. We view the evidence in the light most favorable to the non-moving party. *Anderson*, ¶ 15.

¶16     M. R. Civ. P. 56(e) provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

To prevail on appeal, the Southers must do more than simply deny that Cummings's possession was open and notorious, and exclusive. They must "set forth specific facts showing that there is a genuine issue for trial." M. R. Civ. P. 56(e). Here, they have failed to do that.

¶17     The only specific issue of fact that the Southers raise is the actual location of Cummings's sewer connection. However, this is not a genuine issue of material fact. The affidavits of the Stanley family demonstrate that Robert Stanley had knowledge of Cummings's encroachment on his property. The relevant encroachment was the traverse of Cummings's sewage through Stanley's sewer line. Whether Cummings connected his sewer to Stanley's line on or off Stanley's property is irrelevant. The actual location of the sewer connection does not affect the prescriptive easement analysis.

¶18     Under Montana law, a party seeking a prescriptive easement must establish "open, notorious, exclusive, adverse, continuous, and uninterrupted use" of the property for the

5

requisite statutory period. *Clark v. Heirs and Devisees of Dwyer*, 2007 MT 237, ¶ 14, ___ Mont. ____, ¶ 14, ___ P.3d ___, ¶ 14. Kimberlin establishes each of these elements in her motion for summary judgment. The Southers do not raise any genuine issues of material fact as to any of these elements. Thus, we affirm the District Court's grant of summary judgment.

## CONCLUSION

¶19 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶20 We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER